**SO ORDERED.**

**SIGNED this 04 day of January, 2010.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## FAYETTEVILLE DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| COHARIE HOG FARM, INC. | Case No. 09-09737-8-JRL |
| Debtor | |

### ORDER APPROVING THE RETENTION AND EMPLOYMENT
### OF DR CONSULTING AS CHIEF RESTRUCTURING OFFICER
### AND ADVISOR TO THE DEBTOR AND DEBTOR-IN-POSSESSION
### _NUNC PRO TUNC_ TO THE PETITION DATE

THIS MATTER came before the Court upon the Application of Coharie Hog Farm, Inc., Debtor and Debtor-in-Possession (the "Debtor") in the above-referenced Chapter 11 case for entry of an order under Sections 327, 328, 330 and 331 of Title 11 of the United States Code, (the "Bankruptcy Code"), authorizing the employment and retention of DR Consulting (hereafter "Consultant") as Chief Restructuring Officer and advisor for the Debtor _nunc pro tunc_ to the date of the filing of the Chapter 11 case. The Bankruptcy Administrator filed an objection to the Application and a hearing was held on December 15, 2009. Following a review of the Application and in consideration of testimony presented and arguments of counsel for the Debtor and the Bankruptcy Administrator, the Court finds as follows:

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of this Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. On November 6, 2009 (the "Petition Date"), the Debtor filed for bankruptcy protection under Chapter 11 of the Bankruptcy Code.

3. The Debtor is continuing in control of its business and manages its properties as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. The statutory bases for the relief requested in the Application are Sections 327, 328, 330, and 331 of the Bankruptcy Code and Bankruptcy Rule 2014.

5. The Debtor seeks to employ and retain the Consultant pursuant to Sections 327, 328, 330 and 331 of the Bankruptcy Code to perform consulting and financial advisory services, described with greater particularity below, for the Debtor in this Chapter 11 case, effective as of the Petition Date.

6. The Debtor has selected the Consultant because Mr. Dennis D. Rippe, a certified public accountant, is experienced in the Debtor's industry and can greatly assist the Debtor as it winds down its operations. The Consultant's resume was attached to the Application, and Mr. Rippe provided testimony regarding his background and experience in the Debtor's industry. A Consulting Agreement was also provided with the Application (the "Agreement").

7. In October, 2009, the Consultant was engaged to provide consulting and financial advisory services to the Debtor, and the Consultant has developed knowledge regarding the Debtor's operations, finance and systems. Due to the magnitude of the Debtor's

business, being the 20th largest swine producer in the United States, it is critical for the Debtor to have an experienced person to take the lead in the wind down effort.

8. In its capacity as the Chief Restructuring Officer, the Consultant will provide the services of Mr. Rippe to the Debtor to provide the mutually agreed upon services described below with respect to the Debtor's Chapter 11 case:

   i. Assist Debtor's management with operations during the wind down of the Debtor's business.

   ii. Develop a plan of liquidation for the Debtor's business.

   iii. Prepare a detailed liquidation budget and forecast.

   iv. Lead negotiations for use of cash collateral and the debtor-in-possession financing facility.

   v. Provide assistance to the Debtor and Debtor' counsel with Court filings as needed.

   vi. Provide expert testimony before the Bankruptcy Court as required.

   vii. Communicate with creditors of the Debtor and assist in negotiations as needed with the creditors to resolve issues.

   viii. Other consulting and advisory services as may be required.

14. The Debtor has requested approval to retain the Consultant a fixed minimum fee of $2,000 per day worked (the "Daily Fee").

15. In addition to the amounts paid to Consultant as set forth above, the Debtor has asked that it be allowed to (i) reimburse Consultant for all reasonable expenses related to Consultant's travel between Consultant's city of residence and any place the Debtor requests Consultant travel to for the purpose of performing services under this Agreement, (ii) provide

Consultant with Twenty-Five Dollars ($25.00) per day for meals for each day Consultant performs services under this Agreement outside of Consultant's county of residence, and (iii) provide or reimburse Consultant for lodging and a vehicle (including gasoline for the vehicle) for Consultant's private use each day Consultant is performing services under this Agreement outside of Consultant's county of residence. The Consultant has agreed that all other costs or expenses associated with providing services under this Agreement shall be the sole responsibility of Consultant. The Consultant lives near Kansas City, Missouri, and will travel to Clinton, North Carolina on Monday through Friday of each week as deemed necessary based on the demands of the case.

16. The Debtor is prepared to pay the Consultant on a weekly basis for the daily consulting fees and the meal allowance, and will reimburse Consultant for travel expenses as provided above on a monthly basis.

17. The Agreement which the Debtor proposes to enter with the Consultant will commence on the Petition Date and continue for a period of thirty (30) days. Unless either party provides written notice of termination to the other party, at least ten (10) days prior to the initial expiration date of this Agreement, the term of the Agreement shall automatically extend for an additional period of thirty (30) days. The Agreement will expire after the additional thirty (30) day period unless the parties agree in writing to an extension. The Debtor has agreed to provide notice to the Court and parties in interest of the Debtor's intent regarding extension of the Agreement on or about January 1, 2010.

18. The Bankruptcy Administrator has objected to the payment of $2,000 per day to the Consultant. According to the Bankruptcy Administrator, payment on an hourly basis and pursuant to application is the normal procedure in this Court.

19. Mr. Rippe has testified that he travels to the Debtor's office in North Carolina each Sunday, which travel time is not charged. He spends 10 to 14 hours per day working for the Debtor when at the Debtor's offices and expects to devote similar daily hours to the Debtor through January, 2010. The demands of the Debtor's case have been intense since the Petition Date and those demands are expected by the Consultant to continue until at least January 31, 2010.

20. The Debtor announced in Court and the Consultant agreed that when the time demands upon Mr. Rippe subside below 10 hours per day, that Mr. Rippe would agree to receive payment on an hourly basis at $200 per hour.

21. The Court finds the Consultant's services to be provided under a "full time" engagement at this time and therefore, payment on an hourly basis is not required. Mr. Rippe has testified that he is not working for any other party. Therefore, the daily rate of $2,000 per day as well as the other terms of the Agreement are fair and reasonable and should be approved. The Consultant shall not be required to file a fee application through January 31, 2010.

22. On and after February 1, 2010, the Consultant should maintain time records of the total number of hours devoted to the Debtor and will be paid at an hourly rate of $200.00 per hour. However, if the time demands upon the Consultant remain in excess of 10 hours per day, the Debtor may seek approval of this Court to continue payment of the Consultant at the daily rate of $2,000 per day.

23. Furthermore, the Debtor shall consult with the Bankruptcy Administrator regarding whether after February 1, 2010, it is necessary for the Consultant to file applications before payment is made to the Consultant; now therefore

IT IS ORDERED that the retention and employment of DR Consulting as Chief Restructuring Officer and advisor to the Debtor and Debtor-in-Possession is approved as provided under the Agreement *nunc pro tunc* to the Petition Date subject to the modification that the Debtor is allowed to pay DR Consulting at a rate of $2,000 per day through January 31, 2010, without further Order of this Court. After that date, the Consultant shall begin billing the Debtor at a rate of $200 per hour unless the Court orders otherwise following notice to creditors.

END OF DOCUMENT